UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MARLENA PLIZGA,

                                 Plaintiff,        **SUPPLEMENTAL**
                                                      **SETTLEMENT**
                                                        **AGREEMENT**

                -against-

                                                       **Docket No.: 15-cv-08820**
                                                       **(LAK) (BMC)**

LITTLE POLAND RESTAURANT, INC., KAROL
JURCZYK, TERESA MAGDALENA MUSIARZ, and
LINDEMBERG LEITE,

                                 Defendants.
------------------------------------------------------------------------X

## STIPULATION REFLECTING THE PARTIES' SUPPLEMENTAL SETTLEMENT AGREEMENT

WHEREAS, the parties submitted an amended settlement agreement for review and approval on May 11, 2016;

WHEREAS, Judge Lewis A. Kaplan approved the amended settlement agreement but declined to approve the proposed settlement because paragraph 6 and 7 were not in compliance with the decisions in *Cheeks v. Freeport Pancake House, Inc.* and *Lopez v. Nights of Cabiria*;

WHEREAS, the parties wish to modify the proposed settlement agreement to reflect Judge Kaplan's recommendations and make it in full compliance with *Cheeks* and *Lopez*;

WHEREAS, the parties wish to resubmit the settlement agreement with the necessary changes for review and approval;

                        NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED:

                1)      Paragraph 6 of the settlement agreement is now amended to read:

**Release of All Wage and Hour-Related Claims**: (a) Plaintiff, her heirs, executors, testators, representatives, agents, successors and assigns, freely and irrevocably relinquishes, releases, and waives all possible complaints, causes of action, liabilities, obligations, demands, contract rights, and claims against Defendants, including any parent companies, subsidiaries, divisions, insurers, related or affiliated companies, predecessors, successors or assigns, as well as its employees, agents, shareholders, officers, and directors (collectively, the "Releasees"), that may have arisen from the beginning of time to the date of her signature on this Agreement. The foregoing release encompasses only wage-related claims, whether or not those claims are brought pursuant to the Fair Labor Standards Act, the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.*, New York Labor Law, New York State Laws, the New York Whistleblower Statute, the New York State Constitution, and all other federal, state, and local laws, ordinances, rules, regulations or orders, all as may have been amended from time to time (collectively, "Wage-Related Claims"). Wage-Related Claims is also defined to encompass those claims alleged in the Action, or those claims that could have been alleged including, but are not limited to, claims for wage statement and/or notice requirements, attorneys' fees, expenses and costs; liquidated damages; penalties; and interest. This waiver and release includes all Wage-Related Claims now known to Plaintiff, as well as all possible Wage-Related Claims that are not now known to Plaintiff. (The above shall be collectively referred to as "Released Claims").

(b) Plaintiff understands that nothing in this Agreement shall be construed to prohibit her from filing a charge or complaint with, or participating in any investigation or proceeding conducted by, the Equal Employment Opportunity Commission, National Labor Relations Board, and/or any other federal, state or local agency charged with the enforcement of any laws. Notwithstanding the foregoing, Plaintiff waives any and all rights to recover monetary damages or other recovery in any charge, compliant, or lawsuit filed by her or by anyone else on her behalf based on Released Claims that arose prior to the date she signs this Agreement. Plaintiff further understands that this Agreement does not release: (i) any claim for vested benefits under any ERISA plan; (ii) any non Wage-Related Claims, as defined above; (iii) any claim that this Agreement has been breached; or (iv) any claim that cannot be released by private agreement, including, but not limited to, claims for benefits for occupational injury or illness under the workers' compensation law or claims for unemployment insurance benefits.

2)    Paragraph 7, is now null and void.

Dated: New York, NY
       December 9, 2016

ROBERT WISNIEWSKI P.C.

By: *[signature]*
Robert Wisniewski
225 Broadway, Suite 1020
New York, New York 10007
*Attorney for Plaintiff*

PALMERI & GAVEN

By: *Daniel F. Gaven [signature]*
Daniel F. Gaven, Esq.
65 Broadway, Suite 818
New York, New York 10006
Attorney for Defendants