RECEIVED AUG 23 2017 JUDGE KAPLAN'S CHAMBERS

Kaplan, y.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MARLENA PLIZGA,

                                  Plaintiff,

                             -against-

LITTLE POLAND RESTAURANT, INC., KAROL
JURCZYK, TERESA MAGDALENA MUSIARZ, and
LINDEMBERG LEITE,

                                  Defendants.
-------------------------------------------------------------------X

**SUPPLEMENTAL SETTLEMENT AGREEMENT**

Docket No.: 15-cv-08820 (LAK) (BMC)

## STIPULATION REFLECTING THE PARTIES' SUPPLEMENTAL SETTLEMENT AGREEMENT

      WHEREAS, the parties submitted an amended the settlement agreement for review and approval on October 21, 2016;

      WHEREAS, Judge Lewis A. Kaplan approved the amended changes but declined to approve the proposed settlement agreement the parties' release clause was "far too sweeping to be 'fair and reasonable' under *Cheeks v. Freeport Pancake House, Inc.* and *Lopez v. Nights of Cabiria;*

      WHEREAS, the parties wish to modify the proposed settlement agreement to reflect Judge Kaplan's recommendations and make it in full compliance with *Cheeks* and *Lopez*;

      WHEREAS, the parties wish to resubmit the settlement agreement with the necessary changes for review and approval;

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-5-2017

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED:

1) Paragraph 6 and 7 of the settlement agreement are now amended to read:

### Release of All Wage and Hour and Employment Discrimination Claims:

(a) Plaintiff, her heirs, executors, testators, representatives, agents, successors and assigns, freely and irrevocably relinquishes, releases, and waives all complaints, causes of action, liabilities, and claims related to wage and hour or employment discrimination claims, including, but not limited to liabilities in law, or equity, known or unknown, as well as any related attorneys' fees, costs, liquidated damages or punitive damages, against any of the Realasees based upon any federal, state, or municipal statute or local ordinance relating to discrimination in employment, claims for alleged discrimination under Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, the Americans with Disabilities Act (ADA), the Fair Labor Standards Act (FLSA), Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. (ADEA), the New York Labor Law, The New York Executive Law, The New York City Human Rights Law, New York Orders, against Defendants, including any parent companies, subsidiaries, divisions, insurers, related or affiliated companies, predecessors, successors or assigns, as well as its employees, agents, shareholders, officers, and directors (collectively, the "Releasees"), hat may have arisen from the beginning of time to the date of her signature on this Agreement.

(b) Plaintiff understands that nothing in this Agreement shall be construed to prohibit her from filing a charge or complaint with, or participating in any investigation or proceeding conducted by, the Equal Employment Opportunity Commission, National Labor Relations Board, and/or any other federal, state or local agency charged with the enforcement of any laws. Notwithstanding the foregoing, Plaintiff waives any and all rights to recover monetary damages or other recovery in any charge, compliant, or lawsuit filed by her or by anyone else on her behalf based on Released Claims that arose prior to the date she signs this Agreement. Plaintiff further understands that this Agreement does not release:
(i) any claim for vested benefits under any ERISA plan;
(ii) any non Wage-Related Claims, as defined above;
(iii) any claim that this Agreement has been breached; or

(iv) any claim that cannot be released by private agreement, including, but not limited to, claims for benefits for occupational injury or illness under, the workers' compensation law or claims for unemployment insurance benefits.

Dated: New York, NY
       August 22, 2017

ROBERT WISNIEWSKI P.C.
By: _____
Robert Wisniewski
225 Broadway, Suite 1020
New York, NY 10007
*Attorney for Plaintiff*

PALMERI & GAVEN
By: _____
Daniel F. Gaven, Esq.
65 Broadway, Suite 818
New York, NY 10006
*Attorney for Defendants*

SO ORDERED,
_____
LEWIS A. KAPLAN, U.S.D.J.

9/5/17